Cox v. Osage County, *Plaintiff in Error*.

DIVISION ONE.

1. **Probate Court:** JURISDICTION : WRIT DE LUNATICO INQUIRENDO. The jurisdiction of the probate court is not dependent on the length of time the person has been in the county under Revised Statutes, 1879, section 5787, giving the court jurisdiction *de lunatico inquirendo* "if information be given, in writing, that any person in its county is an idiot, lunatic," etc.

2. ——— : ——— : EXPENSES OF CONFINEMENT. When the probate court certifies to the county court the expense of maintaining in confinement a person who has been adjudged a lunatic and recites in its order that such lunatic is entirely without means and that there is no one whose duty it is to support him, the county is bound under the statutes ( R. S. 1879, secs. 5830, 5831) to pay the same.

*Appeal from Osage Circuit Court.*—HON. RUDOLPH
HIRZEL, Judge.

AFFIRMED.

*Silver & Brown* for plaintiff in error.

(1) Fees or costs are not allowed to public officers
unless expressly given by law. *Williams v. Chariton
Co.*, 85 Mo. 645; *Shed v. Railroad*, 67 Mo. 687; *Gammon v. LaFayette Co.*, 76 Mo. 675.  (2) Plaintiff cannot recover under Revised Statutes, 1879, sections
5829–5830, for these sections contemplate and refer to
the preliminary confinement of the lunatic, and which
precedes the inquiry by a jury. Besides the sheriff is not
among the officers enumerated in section 5829.   (3)
Plaintiff cannot recover under Revised Statutes, 1879,
section 5782, because only "the costs of the proceedings"
shall be paid by the county if the estate of the lunatic
be insufficient. The statute evidently refers to the
costs of the trial already had—not to the future expenses
of confining the lunatic. Statutes as to costs are to be
strictly construed. Authorities, *supra*. (4) The evidence in the case (that of Judge Miller) shows that
Molliter was really a non-resident of Osage county.

*Ryors & Vosholl* and *J. W. Zevely* for defendant
in error.

(1) The statutes confer power upon the probate
court solely to determine the insanity of anyone.
Const., sec. 34, art. 6; R. S. 1879, sec. 5787.  (2) This
jurisdiction is of the person at the time the power is exercised, and in nowise is dependent upon the residence of
the person charged with being insane. R. S. 1879, sec.
5787.  (3) It is not only within the power, but it is the
duty of the probate court to order the confinement and

restraint of a person dangerously and violently insane. R. S. 1879, secs. 5828, 5829. (4) The expenses attending such confinement, both before and after the inquiry as to his lunacy, are clearly provided for by the statute. R. S. 1879, sec. 5830. (5) The expenses of confinement referred to in section 5830 are not fees, and the decisions referred to by counsel on the other side, it is submitted, are not applicable to this case.

BRACE, J.—On September 16, 1886, one John Molliter, by a verdict of a jury in the probate court of Osage county, was found to be of unsound mind and incapable of managing his own affairs ; also, to be so disordered in his mind as to endanger his own person and the property of others. On the return of the verdict the probate court appointed one Flora Elsner his guardian upon his giving bond as required by law, and ordered that Molliter be placed in the custody of the sheriff of Osage county, "who will take further steps and confine him in some suitable place so as to protect the safety of the community until further orders from the court, or until the county court of Osage county can make suitable provisions for his safekeeping, and said sheriff will make due report to this court of his necessary expenditure of money in his behalf."

Subsequently, on July 18, 1887, the sheriff presented his report to the probate court, showing the expenses of confining Molliter under the previous order of the court. The court thereupon made its order reciting that Molliter was entirely without means, and, there being no one whose duty it was by law to support him, the report of the sheriff was approved and the sum of $356 was allowed him for expenses attending Molliter's confinement. It was further ordered that a copy of this last order "be certified to the county court of Osage county for payment."

The order was presented to the county court, which refused to pay the claim. The matter was then appealed

to the circuit court and a trial was had. On the trial in the circuit court plaintiff (the sheriff) offered in evidence the above-mentioned proceedings and orders of the probate court, to which objections were duly made, and, being overruled, exceptions were saved by defendant. The defendant introduced oral testimony for the purpose of showing that Molliter was at the time of the inquisition a non-resident of Osage county.

It is then agreed "that all objections to the form of the papers and records introduced in evidence are waived, and further that there is no objection as to the mode of procedure and the right of plaintiff to bring his case into the circuit court by appeal." The court found for the plaintiff, rendered judgment in his favor for $356. The defendant filed its motion for new trial, which being overruled, brings the case here by writ of error. The question to be decided is whether upon the foregoing facts the county court can be compelled to pay the claim.

I. By law the probate court in each county is vested with jurisdiction *de lunatico inquirendo* as to any person in such county charged by information in writing to be of unsound mind. R. S. 1879, sec. 5787. The exercise of such jurisdiction is not dependent upon the length of time the subject of such inquiry may have resided in the county prior to the inquiry; it is sufficient that at the time of the inquiry he was actually in the county. The law reads: "If information in writing be given to the probate court that *any person in its county* is an idiot, lunatic or person of unsound mind," etc. Sec. 5787, *supra*. The fact, that the lunatic in this case had only been in the county three or four months or weeks, as the case may have been, before the inquiry, was no reason that the probate court should not exercise jurisdiction in the case.

II. The jurisdiction to appoint guardians of such persons as may be found to be of unsound mind is also vested in the probate courts. Const., art. 6, sec. 34;

R. S. 1879, sec. 5791. The manner of exercising this jurisdiction as well as the whole procedure in regard to the persons and estates of insane persons is regulated and prescribed by chapter 116, Revised Statutes, 1879.

Section 5805 of that chapter expressly authorizes the probate court by whom any insane person is committed to guardianship to make an order for the restraint, support and safekeeping of such person and among other provisions of that chapter are the following sections :

" Sec. 5828. If any person, by lunacy or otherwise, shall be furiously mad, or so far disordered in his mind as to endanger his own person or the person or property of others, it shall be the duty of his or her guardian, or other person under whose care he or she may be, and who is bound to provide for his or her support, to confine him or her in some suitable place until the next sitting of the probate court for the county, who shall make such order for the restraint, support and safekeeping of such person as the circumstances of the case shall require.

" Sec. 5829. If any such person of unsound mind, as in the last preceding section is specified, shall not be confined by the person having charge of him, or there be no person having such charge, any judge of a court of record, or any two justices of the peace, may cause such insane person to be apprehended, and may employ any person to confine him or her in some suitable place, until the probate court shall make further orders therein, as in the preceding section specified.

"Sec. 5830. The expenses attending such confinement shall be paid by the guardian out of his estate, or by the person bound to provide for and support such insane person, or the same shall be paid out' of the county treasury, upon the order of the county court after the same shall be duly certified to them by the probate court.

" Sec. 5831. In all cases of appropriations out of the county treasury for the support and maintenance or

confinement of any insane person, the amount thereof may be recovered by the county from any person who, by law, is bound to provide for the support and maintenance of such person, if there be any of sufficient ability to pay the same.

" Sec. 5832. If any insane person be admitted into the state lunatic asylum as a patient, the guardian shall pay for his support and expenses at such asylum, out of the estate of such ward; and if such insane person shall, at any time, come under the class of 'insane poor persons,' as specified in the law for the government of the state lunatic asylum and the care of the insane, such person shall be supported and maintained at such asylum by the county in the manner provided by such law."

Reading these sections in connection with sections 5792, 5819, 5820, 5821 of the same chapter, there can be, it would seem, no question not only that it was the duty and within the power of the probate court to make the order in this case for the restraint, support and safekeeping of Molliter, to make the allowance to the plaintiff for the expenses thereof and certify the same to the county court, but that it was the duty of the county court—there being no question that the expense was incurred, that the allowance therefor was reasonable, that the lunatic had no estate, and there was no person bound for his support—to order the same to be paid out of the county treasury. We see nothing in the point that such allowance could only be for expenses incurred upon an order made preceding the inquiry of lunacy. Section 5828, *supra*, in express terms applies to the case of a lunatic so found and committed to the charge of a guardian, and section 5830, to expenses attending the confinement of such lunatic.

The judgment of the circuit court is affirmed. SHERWOOD, C. J., BLACK and BARCLAY, JJ., concur.